HIRAM SMITH, ADMINISTRATOR OF THE ESTATE OF WM. FOSTER, DECEASED, RESPONDENT, *v.* JOHN FOSTER, APPELLANT.

PLEADING.—A pleading should contain a concise statement of the facts constituting the cause of action or defense, instead of the evidence from which such facts may be inferred.

READINESS TO PAY.—The mere readiness and willingness of a debtor to pay a demand when due, amounts to nothing without an offer or tender of payment by him, and a refusal by the creditor.

AGREEMENT—WHEN MUST BE EXECUTED.—An agreement to substitute any other thing in lieu of the original obligation is void unless actually carried into execution and accepted as satisfaction.

APPEAL from Benton County.

This was an action to recover a balance due upon a prom-

issory note executed by appellant to William Foster on the 4th day of February, 1864, due one day after date.

It is alleged in the answer that at the time of the execution and delivery of the note, one James Foster was the agent of William Foster to collect and receive money for him, and to forward the same to him in Missouri or retain it on deposit, as he might deem best. Immediately after the execution of the note, and when the same became due (which was the next day after its execution), appellant was ready and willing to pay it, but said agent not being ready to receive it, he retained the money, at the request of said agent, under an agreement that the money for which the note was given was to remain with appellant on deposit, without interest, to be paid over whenever demanded by said agent.

The answer was demurred to upon the grounds that the facts stated do not constitute a defense to the complaint; that the answer attempts to vary and control the effect of a promissory note by matters outside thereof, and that there is no consideration alleged in the answer for the agreement set up therein. The demurrer was sustained, and judgment rendered against the defendant.   Defendant appealed.

*W. W. Thayer and R. S. Strahan,* for Respondent.

*John Burnett and John Kelsay,* for Appellant.

By the Court, PRIM, J. :

Under the Code, a pleading should contain a concise statement of the facts constituting the cause of action or defense, instead of the circumstances and evidence from which such facts may be inferred.

This answer appears to be obnoxious to this rule of pleading; but waiving this objection, we think the demurrer to the answer was properly sustained, upon the ground that the matters set up in it were insufficient to constitute a defense to the cause of action contained in the complaint.

The answer undertakes to satisfy one promise by making another without alleging that the second promise was accepted by the creditor in satisfaction of the first. Such an

agreement could not operate as a payment of the note unless it was accepted as such by the party to whom the original promise was made. The answer not only fails to aver that the agreement was accepted in satisfaction of the note, but also fails to aver that it was ever executed or performed by appellant by keeping the money on deposit subject to the order of respondent.

The principle appears to be well settled that "a mere agreement to substitute another agreement, or anything in lieu of the original obligation, is void unless actually carried into execution and accepted as satisfaction." (2 Bouvier, 247.)

It was also averred that the maker of the note was ready and willing to pay the note when it became due; but a mere readiness and willingness to pay a demand when due amounts to nothing without an offer or tender of payment by one party, and a refusal by the other.

Judgment affirmed.