Argued on demurrer March 24, sustained April 13, 1915.
Dismissed on motion of plaintiff, June 21, 1915.

## KUBIK *v.* DAVIS.

(147 Pac. 552.)

**Exceptions, Bill of—Nature and Purpose.**

1. A "bill of exceptions" is a memorial of matters occurring at
the trial of a cause which do not otherwise appear of record.

**Exceptions, Bill of—Compelling Allowance—Mandamus.**

2. While *mandamus* will lie to compel a circuit judge to sign a bill
of exceptions, the Supreme Court cannot dictate to the trial judge
what the contents of such bill shall be.

> [As to right of private person to *mandamus* to enforce perform-
> ance of duty by court or magistrate, see note in Ann. Cas. 1912A,
> 1118.]

**Exceptions, Bill of—Compelling Allowance—Mandamus.**

3. Under Section 556, L. O. L., providing that, upon appeal from
a decree, the suit shall be tried anew upon the transcript and ac-
companying evidence, findings of fact and conclusions of law, filed
by the trial judge in a suit in equity, are not binding upon the Su-
preme Court, and an order for their filing *nunc pro tunc* did not affect
the rights of the parties, and, it not being apparent that such order
was final, material, or reviewable, *mandamus* would not lie to compel
the trial judge to sign a bill of exceptions in connection with an
appeal from the *nunc pro tunc* order, especially as it would seem that
the chapter of the statutes relating to bills of exceptions does not
apply to suits in equity.

Original proceeding in Supreme Court.

This is an original proceeding in this court by Hattie Kubik against George N. Davis, as judge of the Circuit Court for Multnomah County, asking for a writ of *mandamus* against the defendant. This is a hearing upon a demurrer to the writ.

Demurrer Sustained.

*Messrs. Littlefield & Maguire,* for defendant.

*Mr. Ellis Richardson,* for the plaintiff.

In Banc. Opinion Per Curiam.

This is an original *mandamus* proceeding in this court whereby it is sought to compel the defendant judge of the Circuit Court for Multnomah County to sign a bill of exceptions in terms prescribed in the alternative writ. From the recitals of that document it appears that, in a divorce suit wherein the plaintiff here was plaintiff and Frank Kubik was defendant, the court over which the present defendant presided as judge entered a decree April 28, 1913, dismissing the complaint at the cost of the plaintiff therein. No findings of fact or conclusions of law were made until December 12, 1914, when, on motion of the defendant in the divorce suit, the court prepared and filed them *nunc pro tunc,* making an order to that effect. The plaintiff here, desiring to appeal from that order, presented a bill of exceptions to the court first having served the same upon opposing counsel, and, after further time had been granted in which to present an amended statement, it appears, as narrated in the writ, that the judge admitted that the new bill was true, but nevertheless declined to sign it because the matters set forth therein were already apparent from

the record of the cause. It was recited further that on February 3, 1915, the plaintiff appealed from the *nunc pro tunc* order. The defendant demurs to the writ.

1, 2. The appealable part of the original proceedings referred to was the final decree dismissing the suit. If the *nunc pro tunc* order has any effect whatever, it must relate to and operate as of the time of the rendition of that decree. A bill of exceptions is a memorial of matters occurring at the trial of a cause which do not otherwise appear of record. Such a document is defined and its requirements prescribed in sections 169 to 172, inclusive, L. O. L. We have in several cases decided that *mandamus* will lie to compel a circuit judge to sign a bill of exceptions in cases where such a document is required, but will not compel him to put into it any particular statement. In other words, we will not dictate the contents of the bill: *National Council* v. *McGinn,* 70 Or. 457 (138 Pac. 493). Section 170, L. O. L., provides a course of procedure where the parties do not agree with the judge as to the truth of a statement.

3. The distinction between actions at law and suits in equity always has been maintained in the jurisprudence of this state. The chapter on exceptions is contained in that part of the Code relating to actions at law. Treating of suits in equity, Section 409, L. O. L., says:

"The provisions of Chapters VI and IX of Title II of this Code shall apply to suits, but the final determination of the rights of the parties thereto is called a decree, and any intermediate determination is called an order."

It is to be observed that Chapter 7 of Title 2 is omitted from this category, and it might well be said

that the mention of other chapters could be construed as a rejection of the part relating to exceptions. It is said in *Sutherlin* v. *Bloomer,* 50 Or. 398 (93 Pac. 135), that in equity appeals a bill of exceptions is unnecessary, cannot be considered, and, when accompanying a transcript, must be treated as surplusage, except in so far as the testimony there certified may be applied in determining the issues involved. The same case is authority for the doctrine that failure to make findings of fact and conclusions of law is not ground for reversible error upon appeal. Suits in equity are triable in this court *de novo* upon the transcript and evidence accompanying it: Section 556, L. O. L. Findings of fact and conclusions of law filed by the trial judge in such litigation are not binding upon this court. They are consequently negligible, and, so far as the appellate proceedings are concerned, the *nunc pro tunc* order referred to, directing them to be filed, would not affect the rights of the parties. It is not apparent that the *nunc pro tunc* order on the subject involved is either final, material, or reviewable in a suit in equity. The bill of exceptions is unnecessary, under the circumstances. Neither can we dictate to the trial judge the contents of such a document, even if it were necessary.

Hence the demurrer to the writ is sustained.

DEMURRER SUSTAINED.

MR. JUSTICE BENSON did not sit.