# YOUNG *v.* KING.*

(166 Pac. 53.)

**Compromise and Settlement—Nature and Requisites.**

1. A settlement and compromise of a claim asserted on reasonable grounds and in good faith, which the parties, having equal knowledge of the facts, consider doubtful, constitute a new and valid agreement, which will be enforced in law, although the matter compromised be not in fact doubtful in legal contemplation, and the settlement be not what a court would have adjudged upon the facts of the case.

**Compromise and Settlement—Enforcement—Defenses.**

2. In an action to recover $1,000 as damages for breach of agreement of defendant to give a note for that amount in settlement of a dispute between parties, a plea that defendant deposited note with another party for benefit of plaintiff according to contract, but that plaintiff refused to accept it, set up a good defense.

**Compromise and Settlement—Enforcement—Defenses.**

3. In an action to recover $1,000 as damages for breach of agreement of defendant to give a note for that amount in settlement of a dispute between parties, plea alleging that said dispute arose out of a prior contract, from the performance of which the defendant was for various reasons excused, did not set up a defense, since defendant confesses to the new stipulation, the legal effect of which is to supersede all former contracts and contentions.

**Compromise and Settlement—Enforcement—Defenses.**

4. In an action to recover $1,000 for breach of agreement to give a note for that amount in settlement of a dispute between the parties, plea alleging that said dispute arose out of a prior contract under which plaintiff paid money to defendant, and another, who was there-

---

*For authorities discussing the question as to whether a claim must be doubtful to sustain a compromise, see note in 15 L. R. A. 438.

REPORTER.

fore a necessary party to the suit sets up no defense, since defendant confesses to the new stipulation, the legal effect of which is to supersede all former contracts and contentions.

[As to when a compromise and settlement is enforceable on payment of part of a demand, see note in 100 Am. St. Rep. 412, 429.]

From Jackson: FRANK M. CALKINS, Judge.

Action by Charles F. Young against George F. King. Plaintiff filed demurrers to defendant's pleas in abatement and same being sustained the defendant refused to amend, resulting in a judgment as prayed for in the complaint and defendant appealed. Reversed and remanded.

Department 1. Statement by MR. JUSTICE BURNETT.

The plaintiff claims that he and his assignor mentioned in the second cause of action were each induced by the defendant to pay him $1,000 as an investment in oil lands in Panama; that he failed to secure title to the property and afterwards they settled the dispute between them by the defendant agreeing to give and the plaintiff contracting to accept the former's note for $1,000, payable at a future date, but that he failed to give the note, wherefore judgment is demanded for that amount. The second cause of action is like the first except that a similar transaction was had between the defendant and the plaintiff's assignor.

The defendant filed three separate defenses styled pleas in abatement. After a long recital of matter of inducement the substance of the first is that the only money disbursed by plaintiff was paid to the defendant and one Underwood from which the pleader deduces the conclusion that Underwood is a necessary party defendant. By the second it is charged in effect that one of the conditions of the contract under which the plaintiff subscribed the money was that he and his asso-

ciates should join the defendant and Underwood in a sale of one-third of the property for $20,000, so that Underwood and King should have one-third for their services in securing the title to the property, the plaintiff and his associates should own one-third for which they had paid $5,000, and those whom they should induce to invest $20,000, should be vested with title to the remaining one-third at that price; that the plaintiff and those concerned with him had failed to sell one-third at $20,000, in consequence of which the defendant proposed to assist them in effecting such transfer and to that end they all endeavored to obtain subscriptions for that sum, but were unable to obtain more than $6,500, by reason of all of which the plaintiff and his associates had failed to comply with the contract; and further, that by the terms of their subscription agreement the prospective corporation was not to be formed until the titles were secured; and that owing to litigation in the State of Panama about the realty the title had not yet been determined so that for those reasons the stock could not be distributed. The last plea is to the purport that as a settlement of the dispute between plaintiff and defendant the former agreed to take and the latter to give his note for $1,000 and to deposit the same with parties named, for the benefit of the plaintiff; that the defendant executed the note as agreed and lodged it with the depositary as stipulated, but that the plaintiff refused to accept it. The court sustained general demurrers to these pleas which were alike as to both causes of action and as the defendant stood upon his answers thus overturned, judgment was rendered against him according to the prayer of the complaint. He appeals.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. Alfred E. Reames.*

For respondent there was a brief and an oral argument by *Mr. Gus Newbury.*

Mr. JUSTICE BURNETT delivered the opinion of the court.

1. The essence of the plaintiff's lengthy declaration appearing in the record is that the parties settled and compromised their differences by the defendant promising to give and the plaintiff agreeing to accept the note of the former, which stipulation the defendant failed to perform on his part. The rule is well established since *Smith* v. *Farra,* 21 Or. 395 (28 Pac. 241, 20 L. R. A. 115), that

"a settlement and compromise of a claim asserted on reasonable grounds and in good faith, which the parties, having equal knowledge of the facts, consider doubtful, constitute a new and valid agreement which will be enforced in law, although the matter compromised be not in fact doubtful in legal contemplation, and the settlement be not what a court would have adjudged upon the facts of the case": See also *Butson* v. *Misz,* 81 Or. 607 (160 Pac. 530).

2. According to the allegations of the complaint when reduced to its lowest terms this new agreement superseded all previous conventions and settled all former disputes. This is admitted by the third defense which also pleads performance of the new stipulation on the part of the defendant, together with the refusal of the plaintiff to accept the note. This constitutes a defense to the action and the court was in error when it sustained the demurrer as to that plea.

3, 4. The other so-called pleas in abatement refer to the matters of inducement stated by the plaintiff lead-

ing up to the agreement to take the note mentioned. They are not apropos of the dispute because the defendant confesses to the new stipulation the legal effect of which is to supersede all former contracts and contentions. Whether the matter be called pleas in abatement or in bar is of no moment. The court committed an error in sustaining the demurrer to the third plea. For this reason the judgment is reversed and the cause remanded for further proceedings.

                    REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.

---

Motion to dismiss appeal denied June 27, 1916.
Argued June 20, affirmed July 3, 1917.