Submitted on motion to strike August 28, denied September 11, 1957
Argued October 15, 1959, affirmed November 12, 1959

# OHLSON *v.* STEINHAUSER

315 P. 2d 136
346 P. 2d 87

Thomas R. Mahoney, Portland, for the motion.
Roth & Tilbury, Portland, contra.

PER CURIAM.

The respondent has moved to strike from the bill of exceptions a number of so-called exhibits, copies of which are attached to the bill, with the recital that both parties offered them "prior to the original hearing and prior to the rehearing, and again that they were tendered by defendant in conjunction with a motion for rehearing and objections to the proposed preliminary statement." The ground of the motion as to some of these exhibits is that they are affidavits made subsequent to the trial of the cause; as to others, that they were not offered in evidence at the trial; as to still others, that they are copies of exhibits received in evidence.

■ We deny the motion for the sole reason that the judge has certified these papers as a part of the bill

of exceptions. This does not mean that we are committed to consider any or all of them when the case is submitted on the merits. That question will then be determined.

■ The bill of exceptions seems to indicate either a misunderstanding of the statutes, rules and decisions regarding the contents of a bill of exceptions or indifference to their requirements. With particular reference to the instrument now before us it should be pointed out that the bill of exceptions is not supposed to comprise either in whole or in part a history of the litigation from the filing of the complaint to the entry of judgment, nor an ex post facto statement of the appellant's reasons for thinking the judgment to be wrong.

■■ It is still true, notwithstanding the amendment of 1913 (Oregon Laws 1913, ch 332; ORS 19.100 (2)) authorizing the use of a transcript of the whole testimony and all of the proceedings had at the trial as a bill of exceptions, that the purpose of the bill is to bring into the record rulings of the trial court and exceptions thereto that otherwise would not be a part of the record. ORS 19.100 (3). Matters extraneous to that purpose have no place in a bill of exceptions. A bill of exceptions is still "a memorial of matters occurring at the trial of a cause which do not otherwise appear of record." *Kubik v. Davis*, 76 Or 501, 503, 147 P 552. Included, of course, in the foregoing statement is the rule that affidavits filed before or after trial, material to the consideration of some ruling of the trial court which this court is authorized to review, must be made a part of the record through the medium of a bill of exceptions. *State v. Reyes*, 209 Or 595, 303 P2d 519, 521, and cases there cited.

■ Such affidavits—not copies of them—should be

incorporated in the bill of exceptions by appropriate reference in the certificate of the judge. There is no law which authorizes the inclusion in the bill of copies of documents, such, for example, as letters, the originals of which were marked for identification and offered in evidence on the trial and are in the custody of the clerk. It is the original papers with the signatures thereon, if any, which must be made a part of the record, for it is they alone upon which the court ruled in determining whether they should be admitted in evidence or rejected, and they alone which the court could consider in deciding the case.

Motion denied.

## ON THE MERITS

*Roger Tilbury* argued the cause for appellant. On the brief were Roth & Tilbury, Portland.

*John P. Ronchetto,* Portland, argued the cause for respondent. On the brief was Thomas R. Mahoney, Portland.

Before McAllister, Chief Justice, and Warner, Sloan and King, Justices.

## SLOAN, J.

Plaintiff brought this action to obtain payment from the defendant of the amount alleged to have been agreed upon between the parties in settlement of an action previously filed by plaintiff against defendant for breach of promise. The case was tried to the court without a jury. There is evidence to sustain the findings of the trial court in favor of plaintiff and we are, thereby, bound by those findings. *Du Val v. Miller,* 208 Or 176, 300 P2d 416.

The trial judge found that on November 23, 1956, the defendant agreed to pay and the plaintiff agreed to accept $6,000 "by way of compromise and in full settlement and discharge of plaintiff's cause of action against the defendant"; that the defendant prepared and submitted to the plaintiff appropriate documents necessary to effect the settlement and the defendant "there promised and agreed that upon proper execution of the said papers plaintiffs would be promptly paid the sum of SIX THOUSAND and no/100 ($6,000.00) Dollars by the defendant"; that the plaintiff did promptly execute the documents and returned

them to the defendant but that thereafter the defendant refused to pay. Based upon these findings the court entered judgment against defendant for $6,000.

The only assignment of error is the failure of the trial court to allow a motion for involuntary nonsuit. The contention made by defendant to the trial court and here is that the agreement sued upon was an accord and satisfaction agreement and was not binding and enforceable until the satisfaction called for was paid. He argues that until payment was made either party could renege.

The defendant indulges in the same confusion it is said was suffered by earlier, and some later, opinions of the courts. 12 Cal L R 411 (1924), 6 Williston on Contracts, (rev ed) § 1838 et seq., p. 5192. And see also an excellent treatise on the subject by Professor Joseph Gold, Lecturer, University College, London, and a Research Fellow of Harvard Law School found at 21 Boston Univ L R 465 (1941). From these authorities, and from the cases there cited, we glean that a part, at least, of the difficulty has arisen in failing to recognize the difference between the right to allege an unsatisfied accord as a plea in bar to the original claim or debt and the right of the promisee to enforce payment of the satisfaction agreed upon.

> "Though an executory promise to give something in satisfaction of a cause of action cannot while unperformed be a legal bar to an action upon the original cause at common law, the parties may, as has already been said, agree that an executory promise shall itself be the satisfaction of the old right; and if the claimant accepts a promise with that agreement, his original claim is at once extinguished. Unless he can find reasons

justifying rescission of the transaction, he must thereafter find his only remedy upon the new promise. This doctrine is modern, and it may well be doubted whether early courts would have admitted the possibility, under any circumstances, of an executory informal contract, other than the negative one of perpetual forbearance, extinguishing an existing cause of action; but the principle seems logically correct and is now well-settled law. So far, indeed, has the doctrine been carried that a contract unenforceable because of the Statute of Frauds has been held operative as a satisfaction of a prior enforceable contract." § 1846, Williston on Contracts, supra.

Williston refers to this as a "modern" doctrine. It was recognized as long ago as 1851 by the Supreme Court of the United States in *Very v. Levy,* 54 U S 345 (13 How), 14 L ed 173.

*State ex rel v. Funk,* 105 Or 134, 199 P 592, 209 P 113, is distinguishable on the facts. There, a contractor who had engaged to build the municipal auditorium in Portland was attempting to enforce an alleged promise on the part of the city council of Portland to reimburse him for losses suffered in the performance of the contract. This court held that there had been no legal obligation on the part of the city to make the payment and no forbearance of a right on the part of the plaintiff. Hence, there had been no valid dispute to be settled by the alleged agreement. That case cannot be relied upon as preventing the enforcement by plaintiff of the agreement in this case.

*Bloech v. Hyland Homes Co. et al,* 128 Or 292, 274 P 318, was a case in which the court required performance of a contract by which the creditor had accepted a promise to receive real property in sub-

stitution of a claim for wages of greater monetary value than the land. The court construed the substitute agreement to be binding and enforceable. Although not directly in point, it reflects the same trend of judicial opinion described by Williston. Some of the dicta in *Smith v. Foster,* 5 Or 44, would appear to perhaps hold to the contrary rule. A careful analysis of the short opinion, however, sustains the rule we now apply. The case involved an alleged agreement for substitute payment of an overdue note. In referring to the alleged substitute agreement as constituting payment, the court correctly said at pp 44-45: "Such an agreement could not operate as a payment of the note unless it was accepted as such by the party to whom the original promise was made." This is in accord with the doctrine expressed by Williston, to which we have referred. 6 Williston, op cit supra, § 1841. When we apply the rule in *Smith v. Foster,* supra, and similar cases cited by defendant, to the instant case the effect would be to bar the defendant from asserting his promise to pay $6,000 as a defense to the original complaint unless it had been accepted by the plaintiff. It does not preclude the plaintiff from enforcing the defendant's promise to pay that amount when she had accepted the offer in lieu of her claim for damages. By the same authority and reason, defendant's failure to pay the satisfaction agreed upon could only bar the defendant from pleading the compromise agreement if plaintiff had attempted to revive her original action. His own failure to perform could not be claimed as a defense to this action. Restatement, Contracts, § 417.

There is other, and actually stronger, reason for affirming the trial court.

"* * * The rule is well established since Smith v. Farra, 21 Or 395 (28 Pac. 241, 20 L. R. A. 115), that 'a settlement and compromise of a claim asserted on reasonable grounds and in good faith, which the parties, having equal knowledge of the facts, consider doubtful, constitute a new and valid agreement which will be enforced in law, although the matter compromised be not in fact doubtful in legal contemplation, and the settlement be not what a court would have adjudged upon the facts of the case' * * *." *Young v. King,* 85 Or 22, 25, 166 P 53. See also *Hodges Agency, Inc. v. Rees and Stover,* 202 Or 139, 158, 272 P2d 216.

The defendant asks that we review facts which he claims establish the defendant's lack of legal acquiescence in the compromise agreement. The findings of the trial court resolve those questions.

For the reasons stated, the judgment is affirmed.