Argued and submitted November 16, leave granted to trial court to enter final
judgment December 30, 1987

# HARRINGTON,
*Appellant,*

*v.*

# WARLICK,
*Respondent.*

(A8508-05299; CA A41364)

747 P2d 407

Gary M. Bullock, Portland, argued the cause and filed the briefs for appellant.

E. Andrew Jordan, Portland, argued the cause for respondent. With him on the brief was Bolliger, Hampton & Tarlow, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

In this action on a promissory note, there is no final judgment. Because it appears that the trial court intended to enter an appealable judgment, we grant it leave to do so. ORS 19.033(4). We write to explain why the judgment is not appealable.

In his second amended complaint, filed October 30, 1985, plaintiff asserted two claims for relief. The first was an action for the balance of approximately $125,000 then due on the promissory note, together with interest and attorney fees; the second sought a judgment requiring defendant to apply proceeds from defendant's sale of certain properties to the amount owed on the note. In his amended answer, filed December 3, 1985, defendant asserted several affirmative defenses, including that plaintiff had been paid the outstanding principal in an arbitration proceeding. The parties agree that that assertion is correct, and the only issues that they litigated thereafter were interest and attorney fees.

On December 6, 1985, plaintiff's and defendant's attorneys had a conversation which, defendant alleges, constituted a settlement under which defendant agreed to pay the interest and plaintiff agreed to waive his claim to attorney fees. Soon afterwards plaintiff rejected the settlement and denied that his attorney had authority to make it. On December 19, the court heard and granted plaintiff's motion for summary judgment as to the interest. Because plaintiff had denied that there was a settlement and because defendant had moved for leave to file a supplemental answer asserting the alleged settlement as a defense, the court did not rule on the attorney fees issue. Rather, it left that issue open, pending the presiding judge's decision on the motion for leave to file the supplemental answer. The court put its rulings in an order. The presiding judge allowed defendant to file the supplemental answer; as a result, there was no further action on the motion for summary judgment. The case went to trial on the attorney fees issue in June, 1986. The court found in defendant's favor and upheld the settlement. It then granted defendant judgment for *his* attorney fees and costs.

Only two documents could be considered judgments: the order of December 19, 1985, granting plaintiff's motion for summary judgment and the judgment of September 4, 1986,

entered after the trial. Although the clerk of the court docketed the order of December 19, 1985, as a judgment, and although plaintiff later filed a satisfaction of it, it is not a judgment. It is captioned "ORDER ALLOWING MOTION FOR PARTIAL SUMMARY JUDGMENT" and "orders" that "plaintiff shall have of and cover [*sic*] from" defendant the unpaid interest. It is not "plainly labeled as a judgment and set forth in a separate document," ORCP 70A, nor does it "determine the action" so as to "prevent a judgment * * * therein." ORS 19.010(2)(a). The order is the basis on which a judgment could be made and entered, but it is not itself a judgment. *See City of Portland v. Carriage Inn*, 296 Or 191, 673 P2d 531 (1983).

The judgment of September 4, 1986, is a judgment, but the only issues that it resolved are those raised in the supplemental answer: Was there a settlement and who is entitled to attorney fees? Plaintiff's complaint sought the principal balance of the note and interest, as well as equitable relief. Defendant asserted several affirmative defenses. The "judgment" does not resolve any of those issues. Even if we could consider the order of December 19, 1985, a judgment and combine it with the "judgment" of September 4, 1986, *see State ex rel Orbanco Real Estate Serv. v. Allen*, 301 Or 104, 720 P2d 365 (1986); *State ex rel Zidell v. Jones*, 301 Or 79, 720 P2d 350 (1986), there would still be outstanding issues as the record now stands. The fact that the principal and interest have been paid is irrelevant to the finality of the judgment if the purported judgment does not dispose of the claims for those sums.

Although, as a practical matter, claims may drop out of a case as a result of events which occur after its filing, there must be a disposition of those claims before there can be a final judgment and before the court can determine who is the prevailing party in the case as a whole.

Leave is granted to the trial court to enter final judgment.[1]

---

[1] Under ORS 19.033(4), if the trial court enters a judgment, appellant shall file an amended notice of appeal. After the filing of the amended notice, we will deem the appeal to have been taken from the judgment, and the appeal will proceed. If appellant does not file an amended notice of appeal within 21 days after the effective date of this opinion, we may dismiss the appeal.