453

On respondent - cross-appellant's amended motion to dismiss filed January 15, motion to dismiss denied June 15, 1988

## E. A. MOCK & SONS, INC.,
dba Budget Rent-a-Car of Eugene,
*Respondent - Cross-Appellant,*

*v.*

## MEHDIZADEHKASHI,
*Appellant - Cross-Respondent.*

(86-91517; CA A46400)

755 P2d 739

Sidney E. Thwing, Eugene, for the motion.

Claud Ingram, Eugene, contra.

Before Warden, Presiding Judge, and Warren and Deits, Judges.

WARREN, J.

## WARREN, J.

The issue is whether a party in whose favor a judgment is entered must appeal an order setting aside the judgment and granting a new trial within 30 days of entry of the order or may wait and assign entry of the order as error in an appeal from a subsequent final judgment.

This case went to trial in May, 1987, on plaintiff's claim and defendant's counterclaims. The jury returned a verdict against plaintiff on its claim and in favor of defendant on all of his claims. In June, the trial court entered judgment in defendant's favor in the amount of $5,329, plus costs and attorney fees. Plaintiff timely filed a motion for judgment notwithstanding the verdict or for a new trial. ORCP 63; ORCP 64. On June 29, the trial court denied the motion for judgment notwithstanding the verdict but allowed the motion for a new trial. Before the second trial took place, plaintiff moved to dismiss its claims. The trial court allowed that motion and dismissed defendant's counterclaims as well. An order to that effect was entered in October, 1987. Within 30 days of entry of that order, defendant appealed and plaintiff cross-appealed from the order of dismissal.[1]

Plaintiff has moved to dismiss defendant's appeal on the ground that it was filed untimely. Plaintiff argues that defendant's sole assignment of error in his brief is that the trial court erred by allowing plaintiff's motion for a new trial and that, under ORS 19.010(2)(d),[2] defendant could have appealed from that order at that time; because he did not, he is precluded from doing so following final disposition of the case.

---

[1] An order of dismissal is not a final order or judgment subject to appeal under ORS 19.010. *City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983). We determine that the trial court here intended to enter final judgment disposing of all claims; therefore, in lieu of dismissing the appeal for want of a judgment, by a separate order we will give the trial court leave under ORS 19.033(4) to enter a final judgment. *See Harrington v. Warlick,* 89 Or App 125, 747 P2d 407 (1987).

[2] ORS 19.010(2) provides, in part:

"For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(d) An order setting aside a judgment and granting a new trial."

Defendant argues that he has appealed from a judgment dismissing his counterclaims and that, under ORS 19.140,[3] he may assign as error the entry of any intermediate order leading up to the judgment.

There is an apparent inconsistency between the provision of ORS 19.140 that, "[u]pon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from * * *" and the provision of ORS 19.010(2)(d) that "[a]n order setting aside a judgment and granting a new trial" is deemed to be a judgment subject to appeal. Before 1907, an order granting a motion for a new trial was an interlocutory order which could not be appealed but could be reviewed on an appeal from subsequent final judgment. *See Multnomah Co. v. Willamette T. Co.*, 49 Or 204, 89 P 389 (1907). In *Oldland v. Oregon Coal & Nav. Co.*, 55 Or 340, 99 P 423, 102 P 596 (1910), the Supreme Court considered the effect of 1907 legislation which permitted an appeal from an order granting a motion for a new trial.[4] In *Oldland* there had been three trials in that case. The first trial resulted in a hung jury; the second resulted in a judgment in the defendant's favor; the third resulted in a judgment against the defendant. The defendant appealed from the third judgment, as well as the order setting aside the second judgment and granting a new trial. The Supreme Court held that a single notice of appeal, which included the order granting the motion for a new trial and a subsequent final judgment, was not subject to dismissal on the grounds of "duplicity" in the notice.

The court's discussion suggests, but does not expressly hold, that the legislation did not change the nature of an order granting a new trial and that such an order remained reviewable as an intermediate order after judgment. If *Oldland* meant that, it appears to be wrong in the light of the plain language of the statute that, for purposes of review, the order "shall be deemed a judgment or decree." However, even

---

[3] ORS 19.140 provides:

"Upon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from; and when it reverses or modifies such judgment or decree, may direct complete restitution of all property and rights lost thereby."

[4] L.O.L. § 548.

if *Oldland* was correct, it is no longer controlling in the light of ORS 19.026(2).

The legislature passed ORS 19.026(2) in 1959 as part of substantially revising and changing the laws relating to appellate procedure.[5] The section provides a time limit for an appeal from an order granting a new trial:

"Where any party has served and filed a motion for a new trial or a motion for a judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days after the earlier of the following dates:

"(a) the date that the order disposing of the motion is entered in the register.

"(b) the date on which the motion is deemed denied, as provided in ORCP 63D. or 64F."

Before the enactment of that section, there was no special provision limiting the time for taking an appeal from an order granting a new trial. The statute now requires that, when a motion for a new trial is disposed of by allowing it, the notice of appeal must be filed within the time specified in ORS 19.026(2)(a). Furthermore, ORS 19.010, which allows an appeal from an order granting a new trial, states that the order, which is deemed a judgment, "may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 * * *." Any conclusion that an order granting a new trial could still be treated as an intermediate order for purposes of review has therefore been abrogated. If a party fails to appeal timely from that order, it has waived any right to raise the issue on an appeal from a final judgment.

Judicial economy demands that result. To hold otherwise would allow a party who has been deprived of a judgment to acquiesce in a motion for a new trial, go ahead with the second trial and later object that he was wrongfully deprived of the first judgment. A party should not be permitted to gamble that he might come out better on a second trial but be assured that, if he did not, he would still be able to claim on appeal that he was entitled to the first judgment. That would be a much greater waste of judicial resources than to require a party who is deprived of a judgment by an order granting a

---

[5] *See* Or Laws 1959, ch 558, § 4.

new trial to defend that judgment on appeal, even though the order granting the new trial might be upheld.

Although we conclude that defendant cannot pursue the only issue raised in his opening brief, we deny the motion to dismiss. We cannot dismiss the appeal for lack of jurisdiction, because defendant has appealed from a final judgment dismissing his counterclaims as well as plaintiff's claims. The posture of the appeal is as if defendant had failed to preserve an error at trial, and the appeal will proceed.

Motion to dismiss appeal denied.