HARRINGTON,
*Respondent,*

*v.*

WARLICK et ux,
*Appellants.*

(A8502-01058; CA A43601)

758 P2d 387

E. Andrew Jordan, Portland, argued the cause for appellants. With him on the briefs was Bolliger, Hampton & Tarlow, Portland.

Gary M. Bullock, Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

### JOSEPH, C. J.

Defendants appeal from the trial court's denial of their exceptions to an arbitrator's award. We dismiss the appeal, because the benefits of the award were accepted and the award was thereby ratified.

The arbitrator, a certified public accountant, took evidence, made a preliminary decision and issued a report after a thorough discussion with each side's accountants. He issued a revised report after correcting an error. Both plaintiff and defendants then withdrew their funds from the escrow the same day that the revised report was issued. Defendants later moved for reconsideration on the basis of discovery of allegedly new evidence. The arbitrator denied the motion, because the evidence had been available at the time of the hearing and because he believed that the parties' withdrawal of the money from the escrow defeated his power to act.

Defendants then filed exceptions to the award, claiming, *inter alia,* that the arbitrator had made material miscalculations in the accounting which he ought to explain or change[1] and that he had exceeded his authority by not awarding them recovery of attorney fees which they had paid to their personal attorney in connection with the underlying matter which gave rise to the fund that was the subject of the arbitration. The trial court denied the exceptions. A final judgment was then entered.

Defendants appeal. Plaintiff contends that defendants waived their right to appeal by accepting the award. It is well settled in ordinary litigation that a party may waive the right to appeal by accepting the benefits of a judgment or an order. *Pac. Gen. Contrs. v. Slate Const. Co.,* 196 Or 608, 611, 251 P2d 454 (1954); *Graf v. Don Rasmussen Co.,* 39 Or App 311, 314, 592 P2d 250, *rev den* 286 Or 521 (1979). The rule has been applied generally in civil cases and also in domestic relations cases. *See Graf v. Don Rasmussen Co., supra; Nickerson and Nickerson,* 296 Or 516, 678 P2d 730 (1984).

■ The premise underlying the idea of waiver by acquiesence is that "a party should not be able to attack the decree

---

[1] The principal claimed errors relate to the allocation of a $195,000 payment made by the purchaser of the parties' property and the failure to grant interest on a promissory note.

while at the same time relying on it to better his or her [*sic*] position or accept its benefits." *Nickerson and Nickerson, supra,* 296 Or at 518. We have found no case in which the rule has been applied in Oregon to an arbitration award. *Trollope v. Jeffries,* 55 Cal App 3d 816, 128 Cal Rptr 115 (1976), appears to be a leading case on waiver of the right to appeal by acceptance of benefits in the arbitration context. The case involved a business partnership and complex dealings which were submitted to an arbitrator for resolution. In response to the arbitrator's award, money was deposited in escrow and was later withdrawn by Trollope while the matter was on appeal. Because of the withdrawal, the appeal was dismissed. The court said:

> "The theory behind the * * * rule is that if a person voluntarily acquiesces in or recognizes the validity of a judgment or decree, or otherwise takes a position inconsistent with the right of appeal therefrom, he thereby impliedly waives his right to have such judgment, order or decree reviewed by an appellate court. [Citations omitted.] Accordingly, [because] arbitration is for the benefit of both parties, it would be incongruous to hold that a party can accept the award and the payment thereunder and then attack the award on appeal." 55 Cal App 3d at 824.

We see no more reason than did the California court not to apply the waiver rule to an arbitration award, which is the essential adjudication in an arbitration proceeding. Therefore, we hold that a party to an arbitration waives any objection to the award and loses the right to appeal by conduct which effectively ratifies the award.[2]

■     In this case, neither party protested the removal of funds from escrow or the award itself until defendants filed their motion for reconsideration and their exceptions. Neither party waited for entry of a judgment on the award. The parties' conduct ratified the arbitrator's award and, thus, the right to object to the award and to appeal were waived, unless the issues on appeal are separate or divisible controversies which may be adjudicated without disturbing the rest of the award.

---

[2] Waiver by ratification appears to be the general rule in both commercial and labor arbitration. *See Newman v. AVCO Corp.-AeroSpace St. Div., Nashville, Tenn.,* 451 F2d 743 (6th Cir 1971); Elkouri and Elkouri, *How Arbitration Works* 401 n 151 (4th ed 1985).

If the judgment is divisible, and the appeal does not place the portions of the judgment already accepted in jeopardy, the appeal could continue. *Schlecht v. Bliss,* 271 Or 304, 309, 532 P2d 1 (1975).

> "[W]hen the provisions of a judgment are so intimately connected and reciprocally dependent that a reversal as to one part would necessarily change other portions, a party cannot accept the benefits of the provisions in his favor and retain his right of appeal." *State of Oregon v. Wells, Fargo & Co.,* 64 Or 421, 425, 126 P 611, 130 P 983 (1913).

*See Graf v. Don Rasmussen Company, supra.* The issues in this case are complex and involve a great number of interrelated financial matters. To arrive at his award, the arbitrator made numerous adjustments and calculations with respect to the escrow fund, including complicated allocations of income and expenses. His decision rested on the resolution of many mutually dependent issues. If we were to say that any of the issues on appeal is based on divisible aspects of the award, we would be ignoring the reality of the situation. We conclude that the issues on appeal are not capable of decision as distinct elements of the award.[3]

Appeal dismissed.[4]

---

[3] We note that, by the time a judgment on the award was entered, there was nothing upon which it could operate. ORS 33.310 provides:

> "The award of the arbitrators, together with the written agreement to submit, shall be delivered to the clerk of the circuit court selected to render judgment on the award. After charging and collecting the fee of $25 therefor, the clerk shall enter the same of record in the office of the clerk. A copy of the award, signed by the arbitrators, or a majority of them, shall also be served upon or delivered to each of the parties interested in the award, and proof of such service or delivery shall be filed with the clerk. If no exceptions are filed against the same within 20 days after such service, judgment shall be entered as upon the verdict of a jury, and execution may issue thereon, and the same proceedings may be had upon the award with like effect as upon a verdict in a civil action."

[4] Nothing in this case is affected by our decision in *Harrington v. Warlick (A41364),* 92 Or App 279, 758 P2d 389 (1988).