Argued and submitted November 16, 1987, reversed as to award of attorney fees, otherwise affirmed August 3, 1988

# HARRINGTON,
*Appellant,*

*v.*

# WARLICK,
*Respondent.*

## (A8508-5299; CA A41364)

758 P2d 389

Gary M. Bullock, Portland, argued the cause and submitted the briefs for appellant.

E. Andrew Jordan, Portland, argued the cause for respondent. With him on the brief was Bolliger, Hampton & Tarlow, Portland.

Before Warden, Presiding Judge, and Joseph,* Chief Judge and Van Hoomissen, Judge.

* Joseph, C. J., *vice* Young, J., deceased.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff appeals from a judgment[1] awarding defendant attorney fees pursuant to the terms of a promissory note. We reverse that part of the judgment.[2]

Plaintiff brought an action on a promissory note, seeking principal, interest and attorney fees pursuant to its terms. He moved for summary judgment but, before the motion was heard, he received the entire amount of the principal due on the note by an award of an arbitrator in another case between the parties.[3] The parties then negotiated through their attorneys regarding the interest due. Defendant was allowed to amend his answer to include an affirmative defense of settlement, alleging that plaintiff agreed to waive his claim for attorney fees in return for the payment of the interest owing on the note. Defendant also counterclaimed for attorney fees. Plaintiff denied that there was a settlement. He was granted a partial summary judgment for the interest due on the note, and the only issue tried was whether a settlement agreement had been entered into. The trial court found that the parties had entered into a settlement, under which defendant agreed to pay the interest and plaintiff agreed to waive his claim for attorney fees. The court awarded defendant attorney fees as the prevailing party.

On appeal, plaintiff contends that defendant was not entitled to attorney fees. We agree. The settlement and compromise of a *bona fide* controversy between the parties constitutes a valid binding agreement and is sufficient consideration to support a new contract. *Ruble For. Prod. v. Lancer Mob. Homes,* 269 Or 315, 320, 524 P2d 1204 (1974). All rights and remedies of the parties thereafter are only those in the new agreement. *See Savelich Logging v. Preston Mill Co.,* 265 Or 456, 462, 509 P2d 1179 (1973); *Ohlson v. Steinhauser,* 218 Or 532, 538, 315 P2d 136, 346 P2d 87 (1959); *Williams v. Leatham,* 55 Or App 204, 637 P2d 1296 (1981), *rev den* 292 Or

---

[1] In *Harrington v. Warlick,* 89 Or App 125, 747 P2d 407 (1987), we granted the trial court leave to enter a final judgment.

[2] Plaintiff's other assignments of error attacking the validity of a settlement agreement have no merit and require no discussion.

[3] The arbitration award is the subject of *Harrington v. Warlick (A43601),* 92 Or App 269, 758 P2d 387 (1988).

581 (1982). The settlement agreement did not include a provision for the recovery of attorney fees.[4]

Reversed as to award of attorney fees; otherwise affirmed.

---

[4] Even if it could be said that any of the claims under the promissory note somehow survived the settlement, defendant would not be entitled to attorney fees, because plaintiff prevailed in the action on the promissory note.