On court's own order to show cause; appellant Brian Clopton Excavating, Inc.'s, response filed April 5; appellant K&D Services of Oregon, Inc.'s, response filed April 17; appellant Brian Clopton Excavating, Inc.'s, supplemental response filed April 19; appeals dismissed August 1, 2007

Erin GENTRY,
*Plaintiff-Respondent,*

*v.*

BRIAN CLOPTON EXCAVATING, INC.,
an Oregon corporation;
and K&D Services of Oregon, Inc.,
an Oregon corporation,
*Defendants-Appellants,*

*and*

BRANDER HOMES, INC.,
an Oregon corporation,
dba Pioneer Homes, Inc.;
AKS Engineering & Forestry, LLC,
an Oregon corporation;
and Geopacific Engineering, Inc.,
an Oregon corporation,
*Defendants.*

Multnomah County Circuit Court
051213175; A135112

164 P3d 1225

Janet M. Schroer and Hoffman, Hart & Wagner, LLP, for appellant Brian Clopton Excavating, Inc.

R. Daniel Lindahl and Bullivant Houser Bailey, PC, for appellant K&D Services of Oregon, Inc.

Before Wollheim, Presiding Judge, and Schuman and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Following a jury trial, but before a general judgment was entered, plaintiff moved for a new trial. The trial court granted plaintiff's motion and ordered a new trial. Defendants Brian Clopton Excavating, Inc., and K&D Services of Oregon, Inc., each appealed from that order. The notices of appeal recite that the appeals were taken pursuant to ORS 19.205. Because no judgment has been entered in the case, and the trial court is now precluded from entering judgment because its jurisdiction was terminated when the notices of appeal were filed, ORS 19.270(1), in two separate orders to show cause, this court ordered defendants to show cause why this court had jurisdiction of the appeals under ORS 19.205(3) or any other statutory provision. Defendants timely responded to the orders.

ORS 19.205(2) and (3) authorize appeals from an order in limited circumstances. Subsection (2) provides that an order that "affects a substantial right, and that effectively determines the action so as to prevent a judgment" may be appealed. Subsection (3) provides that an order "that is made in the action after a general judgment is entered and that affects a substantial right" may be appealed.

None of defendants' suggestions in their responses to our orders to show cause overcomes the jurisdictional problem with these appeals. Both defendants rely on *E. A. Mock & Sons, Inc. v. Mehdizadehkashi*, 91 Or App 453, 755 P2d 739 (1988), in support of this court's jurisdiction. However, the court in *E. A. Mock & Sons, Inc.*, ruled that the order at issue there was appealable within 30 days of entry because it affected a substantial right, and because it was entered *after* entry of the judgment it set aside; thus it satisfied the two jurisdictional requirements for immediate appeal from such an order contained in *former* ORS 19.010(2) (1987), *renumbered as* ORS 19.205(2) and (3) (1997). Although that statute has been amended, the requirements remain the same under ORS 19.205(3). In the absence of a general judgment, the order is not subject to appeal under ORS 19.205(3).

Neither is the order appealable under ORS 19.205(2), because the order does not prevent a judgment, it

merely paves the way for the judgment following a new trial. *See Ragnone v. Portland School District No. IJ*, 289 Or 339, 613 P2d 1052 (1980) (order granting motion for judgment notwithstanding verdict put case in a posture for eventual entry of a judgment; it did not prevent entry of judgment). Finally, it is not appropriate to grant defendants' motion for leave to enter the judgment pursuant to ORS 19.270(4) at this point, because it cannot be established that "at the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment." ORS 19.270(4)(a).

Appeals dismissed.