Submitted on petition for review, review allowed, remanded to Court of Appeals
December 20, 1983

## CITY OF PORTLAND,
*Petitioner on Review,*

*v.*

## CARRIAGE INN et al,
*Respondents on Review.*

(TC A8006-03622; CA A25873; SC S30093)

673 P2d 531

Paul C. Elsner, Portland, submitted petition on behalf of petitioner for review and briefs in the Court of Appeals. With him on the briefs and petition was Christopher P. Thomas, City Attorney, Portland.

Rex Armstrong, Portland, submitted briefs on behalf of respondents on review in the Court of Appeals. With him on

192

the briefs were Leslie M. Roberts and Kell, Alterman & Runstein, Portland.

PER CURIAM

## PER CURIAM

Petitioner seeks review of the dismissal of his appeal by the Court of Appeals for lack of jurisdiction. The Court of Appeals dismissed plaintiff's appeal from a judgment dated September 9, 1982, as untimely because plaintiff could have appealed from an order entered on June 4, 1982, that dismissed the plaintiff's complaint without leave to replead.

The Court of Appeals quoted the dispositive portion of the circuit court's "Order":

"IT IS ORDERED that Defendants' motion is granted in its entirety, and the complaint is dismissed, without leave to replead."[1]

The Court of Appeals then held that this order "was a final order within the meaning of ORS 19.010(2)(a). . . ." We disagree.

ORS 19.010 provides:

"(1)   A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

"(2)   For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a)   An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"...."

To be appealable under ORS 19.010(2)(a), an order must not only "determine the action or suit" but must "prevent a judgment or decree therein." If the quoted document in this case was only an "order," so as to fall under ORS 19.010(2)(a),

---

[1] The full order read:

"ORDER

"This matter having come on for hearing on Defendants' motion to dismiss the complaint, before the Court, Honorable Charles S. Crookham, presiding, on June 2, 1982, and Plaintiff appearing by Paul Elsner, law clerk, and Defendants appearing by Leslie M. Roberts, of their attorneys, and the Court being fully advised in the premises,

"IT IS ORDERED that Defendants' motion is granted in its entirety, and the complaint is dismissed, without leave to replead."

it would lay the foundation for entry of a judgment[2] not prevent it. The June 4 "order" was appealable only if it was itself a "judgment or decree" appealable under ORS 19.010(1).

The circuit court may have intended the order to have that effect, because it disposed of the case except for taxation of costs, disbursements, and attorney fees, which does not delay entry of judgment. ORCP 70B(1). Nevertheless, an "order" cannot take the place of a "judgment or decree." ORCP 70A specifically prescribes: "Every judgment shall be in writing plainly labeled as a judgment and set forth in a separate document." Counsel contemplating an appeal must be able to rely on that document, properly labeled a "judgment," in determining the 30-day period within which to file notice of appeal under ORS 19.026(1).

The Court of Appeals therefore dismissed the appeal upon an erroneous premise. We allow the petition for review and remand the case to the Court of Appeals for further consideration.

---

[2] The Oregon Rules of Civil Procedure Rules 67B, 70, prescribe use of the term "judgment" also for what formerly was known as a decree.