Argued and submitted October 3, 1986, reversed and remanded March 25, 1987

# STATE ex rel ADULT AND FAMILY SERVICES DIVISION,
*Respondent,*

*v.*

# RIKARD,
*Appellant.*

(1457-F; CA A37088)

734 P2d 410

Walter D. Nunley, Medford, argued the cause and filed the brief for appellant.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

In August, 1983, Adult and Family Services Division (AFSD) filed a petition to establish that appellant is the father of a child born out of wedlock. He offered to take a blood test to decide the issue, but AFSD insisted that he file a response to the petition. Eight months later a blood test was performed under court order. The test showed that appellant could not have fathered the child.

Without notice to appellant, AFSD obtained an *ex parte* order of dismissal with prejudice on July 11, 1984. No judgment was ever entered. Appellant's counsel received notice of the order on July 31. He immediately called the attorney for AFSD, who agreed to stipulate to costs, even though the time for filing a cost bill had passed. However, the Attorney General refused to approve the stipulation. Appellant's counsel then filed a motion for costs on June 14, 1985—over eleven months after entry of the order. The motion was denied on the basis that the claim was not timely filed under ORCP 68(C)(4), which provides, in part:

"Attorney fees and costs and disbursements shall be entered as part of the judgment as follows:

"(a)     Attorney fees and costs and disbursements (whether a cost or disbursement has been paid or not) shall be entered as part of a judgment if the party claiming them:

"(a)(i)   Serves, in accordance with Rule 9B., a verified and detailed statement of the amount of attorney fees and costs and disbursements upon all parties who are not in default for failure to appear, *not later than 10 days after the entry of the judgment* * * *." (Emphasis supplied.)

This appeal is from the order denying attorney fees. Appellant argues that his motion was timely, because the order of dismissal was not a judgment. He is correct. *City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983). ORCP 68C(4)(a)(i) requires that a claim for costs be served "not later than 10 days after the entry of the judgment * * *." Because there is no judgment, the time within which a motion for attorney fees must be filed has not commenced. The order denying attorney fees, however, is appealable. ORS 19.010(2)(a).

Reversed and remanded for proceedings not inconsistent with this opinion.