Submitted on record and briefs February 21, appeal dismissed August 30, reconsideration denied October 13, petition for review allowed November 30, 1989 (308 Or 592)

GILLESPIE et al,
*Respondents,*

*v.*

KONONEN,
*Appellant.*

(CSC 88-0481; CA A49273)

778 P2d 963

Peter Fels, Pendleton, filed the brief for appellant.

Joanne Gillespie, Portland, filed the brief *pro se.*

No appearance for respondents Alan and Naomi Cummings.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs filed an FED action for possession of an apartment. After a motion to dismiss was allowed, the court entered a document entitled "Order of Dismissal" that said:

"THEREFORE IT IS HEREBY ORDERED that the above-entitled action be dismissed."

Defendant then petitioned for attorney fees, and the court entered an order denying attorney fees. Defendant appealed from the latter order.

After the briefs were filed, we issued this order:

"This appeal is taken from an order denying defendant's request for an award of attorney fees in the trial court. Generally, an order denying an award of attorney fees is appealable under ORS 19.010(2)(c) and ORS 20.220. However, both statutes are predicated on the existence of a final judgment to which the request for attorney fees would relate. In this case, the trial court entered an order of dismissal rather than a judgment. *See*, generally, *City of Portland v. Carriage Inn*, 296 Or 191, 673 P2d 531 (1983).

"The court determines that the trial court intended to enter final judgment. In lieu of dismissing the appeal for lack of a final judgment, pursuant to ORS 19.033(4), the Court gives the trial court leave, on motion of any party, to enter a judgment. If the trial court enters a judgment, appellant shall notify this court and provide a copy of the judgment showing the date of entry thereof. Upon receipt of a copy of the judgment, the appeal will proceed. The appeal will be held in abeyance pending receipt of a copy of the judgment. If the appellant does not file a copy of a judgment entered in this case within 45 days of the date of this order, the court will dismiss this appeal for lack of prosecution and without further notice to the parties."

On remand under that order, the trial court declined to enter a final judgment in the case, because it was of the view that the order of dismissal finally disposed of the case.

■ ■ In *City of Portland v. Carriage Inn*, 296 Or 191, 673 P2d 531 (1983), the court described the difference between an order dismissing a case and a judgment that finally disposed of the action. An order is not a judgment and cannot take the place of or be substituted for a judgment. ORCP 67A; ORCP

70A. Even if the trial court intended its order of dismissal to be final, it is not a final judgment.

■ We do not have jurisdiction to review an order denying attorney fees that is not based on a final judgment. Because a final judgment has not been entered, we have no alternative but to dismiss the appeal. We realize that this places appellant in a difficult position. However, this is not a mandamus proceeding, and we do not have supervisory authority over trial courts and cannot order a recalcitrant trial court judge to sign a judgment. We can only reverse, affirm, modify or remand a judgment or final order. We gave the court leave to enter a judgment; it declined to do so. We lack jurisdiction to proceed with the appeal.

Appeal dismissed.