Submitted on remand September 28, 1990, reversed and remanded for further proceedings April 17, 1991

Joanne GILLESPIE,
Alan Cummings and Naomi Cummings,
*Respondents,*

*v.*

Mary A. KONONEN,
*Appellant.*

(CSC 88-0481; CA A49273)

809 P2d 1351

Peter Fels, Pendleton, filed the brief for appellant.

Joanne Gillespie, Portland, filed the brief *pro se.*

No appearance for respondents Alan and Naomi Cummings.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from the denial of her motion for attorney fees under ORS 91.755 (since renumbered as ORS 90.255) in this residential FED action.[1] We reverse and remand.

Because the procedural history of the case has some bearing on the merits, we will describe it briefly. After defendant moved to dismiss the complaint, plaintiffs voluntarily moved to dismiss the action. The trial court entered an *order* of dismissal. Thereafter, defendant moved for attorney fees. Less than 15 days after the motion was filed, the trial court signed the order denying attorney fees, and plaintiffs therefore did not have the opportunity to file objections under ORCP 68C(4)(b). Defendant filed her appeal. Because there was no judgment, we entered an order under ORS 19.033(4) giving the trial court leave to enter a judgment. Defendant then filed a motion in the trial court for entry of a judgment. The trial judge refused to enter one and denied the motion by an order dated June 12, 1989. We then dismissed the appeal on the ground that, in the absence of a judgment, we lacked jurisdiction. *Gillespie v. Kononen,* 98 Or App 62, 778 P2d 963 (1989).

The Supreme Court granted review, reversed our decision and remanded the appeal to us to address the merits. *Gillespie v. Kononen, supra,* n 1. Its reasoning requires recital:

> "[W]e agree with Kononen that the trial judge's June 12, 1989, order denying her motion for entry of a judgment, although not labeled a 'judgment,' should be 'deemed a judgment' *for the purpose of being reviewed on appeal* under ORS 19.010(2)(a). Clearly, it is an order 'affecting a substantial right,' and 'which in effect determines the action * * * *so as to prevent a judgment * * * therein.*' Under ORS 19.010(1), a judgment may be reviewed on appeal, *inter alia,* under ORS 19.140, which provides in part:
>
> > " 'Upon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from * * *.'

---

[1] The order purported to award "attorney fees and costs in the amount of $___ .00." That is a denial. *Gillespie v. Kononen,* 310 Or 272, 275, n 5, 797 P2d 361 (1990).

"The trial judge's July 5, 1988, order denying defendant attorney fees was an 'intermediate order * * * necessarily affecting the judgment.' The Court of Appeals therefore had jurisdiction over both the appeal and that order." 310 Or at 279. (Emphasis in original; footnote omitted.)

ORS 91.755 provided, in relevant part:

"In any action on a rental agreement or arising under [the Residential Landlord and Tenant Act], reasonable attorney fees at trial and on appeal may be awarded to the prevailing party * * *. As used in this section, *'prevailing party' means the party in whose favor final judgment is rendered.*" (Emphasis supplied.)

Were it not for the emphasized language in the statute, it is clear that defendant would be entitled to reasonable attorney fees and that their denial was an abuse of discretion. *See West v. French,* 51 Or App 143, 625 P2d 144 (1981). However, just as the trial court's inexplicable refusal to enter a judgment[2] has consumed the time and resources of the appellate courts *and* the parties in connection with the appealability issue, it also introduces an uncertainty into the merits of this appeal that would otherwise have resulted in a perfunctory reversal: Can defendant qualify as a "prevailing party," given the statutory definition that ties prevailing status to a final judgment?

The answer to that question would appear to be clearly no, if the statutes alone were considered. However, we must address it in the light of the Supreme Court's reasoning process in *Gillespie v. Kononen, supra,* n 1. The discussion of the jurisdictional statutes in that opinion has a bearing on whether there is a "final judgment" for the purposes of ORS 91.755. The Supreme Court's jurisdictional premise was not that there was an appealable final judgment, but that the trial court's June 12 order *prevented* such a judgment and thereby invoked our jurisdiction under ORS 19.010(2)(a). As the Supreme Court pointed out, ORS 19.010(2) provides that an order of that kind "shall be deemed a judgment," at least *"[f]or the purpose of being reviewed on appeal."* (Emphasis supplied.) It may be noteworthy that the Supreme Court's opinion added emphasis to the same language in the statute that we have emphasized. Arguably, that language narrows the purposes for

---

[2] The trial judge offered an explanation, *see Gillespie v. Kononen, supra,* 310 Or at 276, but it does not alter our view that his action was inexplicable.

which the order may be considered a judgment, and it is questionable whether it can be viewed as a "final judgment" within the meaning of ORS 91.755; indeed, the very purpose of ORS 19.010(2) is to define various types of orders that are exceptions to the usual final judgment requirement for appellate jurisdiction under ORS 19.010(1). *See City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983). The foregoing considerations weigh against viewing the trial court's June 12 order as a "final judgment" for the purposes of awarding attorney fees under ORS 91.755.

However, it can also be argued that the *word* "final" does not appear in ORS 19.010(1). Therefore, the absence of the word in the preamble to ORS 19.010(2) and in ORS 19.010(2)(a) is not decisive, and the phrase "deemed a judgment" in ORS 19.010(2) *could* be understood to envision a "final judgment," equivalent to the judgments mentioned in ORS 19.010(1). We think that that was probably the Supreme Court's unexpressed premise in *Gillespie v. Kononen, supra,* n 1. The remand implicitly instructed us to reach the attorney fees issue. The court was aware of the "final judgment" requirement for attorney fees under ORS 91.755 and, in that context, it described the absence of a final judgment as a "jurisdictional defect." 310 Or at 279. It is unlikely that the Supreme Court would have remanded the case to us to decide an issue that would have been mooted by its own logic if it had not regarded the June 12 order as a final judgment.

Stated differently, the only issue that defendant raises on appeal is that she is entitled to attorney fees; for her to be entitled to them, there must be a final judgment; if the Supreme Court had thought of the June 12 order as being appealable but not final, the very reasoning by which it concluded that we had jurisdiction would have eliminated the issue that it remanded for us to decide. Moreover, had the Supreme Court contemplated such a simple answer on the merits of the appeal, we think that it would have given that answer in its own opinion. In view of *Gillespie v. Kononen, supra,* n 1, we conclude that the June 12 order is a "final judgment" and, therefore, that defendant is entitled to reasonable attorney fees under ORS 91.755.

We remand to the trial court to decide the remaining

attorney fees issues. We instruct the trial court to give plaintiffs the opportunity to file objections.[3]

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

[3] Plaintiffs' brief in this court contains a detailed attack on the fees claimed by defendant. If presented in the form of objections pursuant to ORCP 68, those issues must be considered initially by the trial court.