Argued and submitted June 18, remanded with instructions to award reasonable attorney fee; otherwise affirmed August 21, 1991

Ray and Virginia WHITTLE,
*Appellants,*

*v.*

MARION COUNTY DISTRICT COURT,
*Respondent Below,*

*and*

Kenneth J. WACHTER,
*Respondent.*

(89C-12494; CA A66413)

816 P2d 658

Maryhelen Sherrett, Salem, argued the cause for appellants. With her on the briefs was Marion-Polk Legal Aid Service, Inc.

Don W. Leach, Salem, filed the brief for respondent Kenneth J. Wachter.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

This is a writ of review proceeding in which appellants appeal from a judgment that was entered in their favor but did not award them attorney fees. We remand for entry of an award of attorney fees.

Respondent filed an FED action against appellants in district court pursuant to ORS 105.105 *et seq,* seeking possession of rental property occupied by them. Appellants moved to dismiss and for summary judgment on the basis that they were in lawful possession of the premises under a rental agreement with respondent's wife, a co-owner of the property. The district court denied the motions. After trial, the court entered an order in favor of respondent and restored possession of the house to him. Appellants then obtained a writ of review in circuit court, which held that the district court had erroneously denied their motion for summary judgment. The circuit court entered a judgment in their favor, but refused to award them attorney fees.[1]

■　Appellants assign error to the court's refusal to award them attorney fees under ORS 90.255. Respondent argues that, because appellants sought a writ of review, they are bound by ORS 34.010 − ORS 34.100, which do not provide for recovery of attorney fees.

ORS 90.255 provides:

"*In any action* on a rental agreement or arising under ORS 90.100 to 90.940, reasonable attorney fees at trial and

---

[1] The text of the judgment reads, in part:

"[Petitioners] shall be awarded reasonable attorney fees and all costs incurred in these proceedings, in the amount of $1,917.00 * * *."

In the "Money Judgment Summary" of the judgment, however, the circuit court judge struck the provision that read, "Attorney Fees: $1,787.00," but let stand the award of costs. In a letter, the court notified the parties that it had concluded that petitioners' motion for summary judgment should have been granted, but did not mention attorney fees. In a subsequent letter, the court said:

"This letter is intended to supplement the Court's letter of May 9, 1990, in regard to the above referenced matter.

"The Court omitted any reference to an award of attorneys fees in the above reference letter.

"It was not an oversight. The Court did not intend to make such an award.

"The Court still does not intend to based upon the facts and circumstances of this particular case."

on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered." (Emphasis supplied.)

ORS 90.100(1) provides that, for purposes of ORS chapter 90,

" '[a]ction' includes recoupment, counterclaim, setoff, suit in equity *and any other proceeding in which rights are determined,* including an action for possession." (Emphasis supplied.)

On the basis of that language, we hold that ORS 90.255 applies to a writ of review proceeding when the litigation concerns possession of rental premises under a rental agreement. Accordingly, the only question is whether attorney fees *should* have been awarded.

■ On its face, ORS 90.255 makes the award of attorney fees discretionary. However, in *Executive Management Corp. v. Juckett,* 274 Or 515, 519, 547 P2d 603 (1976), the court said that "normally a 'prevailing party' would be entitled to recover attorney fees, barring unusual circumstances which might arise in any particular case." The court reversed the trial court, which had found for the landlord on the issue of possession of the premises but had denied attorney fees. Two years later, we decided *Marquam Investment Corp. v. Myers,* 35 Or App 23, 581 P2d 545 (1978), where a landlord had won possession of premises and the tenant was awarded damages on one of his counterclaims. We noted that the discretion of the court to award attorney fees under ORS 90.255 is "not unlimited, and the appellate courts are obligated to formulate some standards to guide the exercise of it." 35 Or App at 31. We concluded that the outcome there was simply too inconclusive to warrant a discretionary award of attorney fees to either party. We followed that holding in *Amatisto v. Paz,* 82 Or App 341, 728 P2d 42 (1986), where possession of the premises was awarded to the tenant, back rent was awarded to the landlord and the landlord prevailed on the tenant's counterclaims. Again, we said that the outcome was too inconclusive to warrant an award of attorney fees.

The result here is conclusive. Petitioners prevailed on the sole claim before the court. There are no "unusual circumstances" that could justify the court's exercising its

discretion not to award attorney fees. *See also Napolski v. Champney,* 295 Or 408, 667 P2d 1013 (1983).

Respondent's other arguments do not require discussion.

Remanded with instructions to award reasonable attorney fee; otherwise affirmed.