Argued and submitted March 16, denial of attorney fees remanded for reconsideration; otherwise affirmed October 21, 1992

# CEDAR LODGE LIMITED,
a California limited partnership,
dba Cedar Lodge Apartments,
*Respondent,*

*v.*

# Kathleen ELLIOTT,
*Appellant.*

(91F 737533; CA A71521)

839 P2d 757

Craig P. Colby, Portland, argued the cause for appellant. With him on the brief was Wall & Colby, Portland.

Glenn A. Leier, Portland, argued the cause for respondent. With him on the brief was McKeown & Brindle, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant, tenant, appeals the denial of her motion for attorney fees under ORS 90.255 in this residential FED proceeding. We reverse and remand.

Plaintiff served defendant with a 72-hour notice of intent to terminate the tenancy for nonpayment of rent. On May 13, it filed a complaint. On May 28, defendant filed an answer and counterclaim, alleging habitability violations that entitled her to a reduction of rent. On June 3, shortly before the start of trial, she paid the rent into court. She appeared for trial with her attorney and four witnesses. Plaintiff's non-attorney manager appeared without witnesses. The court, on its own motion, apparently concluding that plaintiff needed a lawyer, dismissed the action without prejudice. The judgment was signed on June 12. On July 16, plaintiff filed an FED proceeding against defendant after a second 72-hour notice of intent to terminate.

On July 25, plaintiff filed objections to defendant's motion for attorney fees in the first proceeding. It argued that the case had been dismissed to allow it to be represented by counsel and to refile and that, because its second proceeding involved the same parties and the same dispute, defendant should not be the prevailing party in the first action. The court said that it did not view the two proceedings as separate and denied attorney fees and costs.

Defendant argues that this case is controlled by *Gillespie v. Kononen*, 106 Or App 657, 809 P2d 1351 (1991), in which we held that the tenant was the "prevailing party" for purposes of attorney fees in an FED proceeding which had been dismissed before trial. Plaintiff argues that the case is distinguishable, because the proceeding was dismissed on the motion of the plaintiff but, here, the proceeding was dismissed on the court's own motion.

Plaintiff's argument ignores that, irrespective of who moved for dismissal, a judgment was entered and the case was terminated. It argues, however, that neither it nor the trial court "intended that the dismissal without prejudice would act as a final judgment." If no one intended that the action be brought to an end, it should not have been. A judgment was submitted, plaintiff did not object and the

court signed it. The case was concluded, and defendant had prevailed. *See Gillespie v. Kononen, supra.*

Under ORS 90.255, defendant is entitled to reasonable attorney fees. *See Executive Mgt. Corp. v. Juckett,* 274 Or 515, 547 P2d 603 (1976); *West v. French,* 51 Or App 143, 625 P2d 144 (1981). Because the court denied any award for attorney fees, it did not consider plaintiff's objections. We remand for it to do so.

Denial of attorney fees remanded for reconsideration; otherwise affirmed.