Sharron KELLEY
and Larry Kelley,
*Appellants,*

*v.*

CITY OF GRESHAM,
*Respondent.*

(9303-01642; CA A80085)

870 P2d 845

Christopher P. Thomas for petition.

Before Riggs, Presiding Judge, and De Muniz, Judge, and Durham, Judge pro tempore.

DURHAM, J. pro tempore.

## DURHAM, J. pro tempore

Plaintiffs have petitioned for review of this court's order granting defendant's motion to dismiss their appeal for lack of jurisdiction. On reconsideration, *former* ORAP 9.15,[1] we withdraw our order and remand for entry of an appealable judgment. ORS 19.033(4).

The pertinent facts are not disputed. Plaintiffs contend that defendant approved an unlawful ballot title for a city initiative measure. They petitioned for circuit court review of the ballot title under ORS 250.296, which provides, in part:

"(1)   Any elector dissatisfied with a ballot title filed with the city elections officer by the city attorney or the city governing body, may petition the circuit court of the judicial district in which the city is located seeking a different title and stating the reasons the title filed with the court is insufficient, not concise or unfair.

"* * * * *

"(3)   The review by the circuit court shall be the first and final review, and shall be conducted expeditiously to insure the orderly and timely circulation of the petition or conduct of the election at which the measure is to be submitted to the electors."

Defendant moved to dismiss the petition, contending that a city ballot title review ordinance, not state law, controlled the dispute. ORS 250.255 provides:

"ORS 250.265 to 250.346 applies to the exercise of initiative or referendum powers regarding a city measure under section 1, Article IV, Oregon Constitution, unless the city charter or ordinance provides otherwise."

It argued that, pursuant to that statute, it rendered state law inapplicable by adopting Gresham Revised Code Section 2.04.050(2), which provides:

"The review [of a ballot title] by the council shall be the first and final review, and shall be conducted expeditiously to insure the orderly and timely circulation of the petition or conduct of the election at which the measure is to be submitted to the electors."

---

[1] The January 1, 1994, amendments to ORAP do not apply to this petition.

The court agreed and held that, because defendant's city council had completed "the first and final review" of the ballot title pursuant to the city code, the circuit court had no jurisdiction to perform another review. The court entered the following order:

"It is HEREBY ORDERED that respondent's motion for an order dismissing petitioners' complaint on the ground that this court lacks jurisdiction over the subject matter, is allowed."

Plaintiffs appealed from the order. Defendant moved to dismiss the appeal, arguing that this court lacked subject matter jurisdiction for the same reasons that the trial court lacked jurisdiction. We dismissed the appeal.

■ Plaintiffs petition for review. We treat the petition as a petition for reconsideration, *former* ORAP 9.15, and allow it. We erred in dismissing the appeal. If a trial court enters an appealable judgment that determines that the court has no jurisdiction over the claim before the court, we have jurisdiction to review the judgment on appeal to decide whether the court erred in reaching that conclusion. ORS 19.010(1). On reconsideration, we withdraw our order dismissing the appeal and deny the motion to dismiss the appeal.

■ The question remains whether the trial court's order is an appealable judgment. On our own motion, we conclude that the order under appeal is not a judgment or decree subject to appellate review under ORS 19.010, which provides, in part:

"(1) A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

We cannot deem the order a judgment or decree under ORS 19.010(2)(a) because the order only lays the foundation for entry of a judgment, it does not prevent it. *See City of Portland v. Carriage Inn*, 296 Or 191, 194, 673 P2d 531 (1983) (an order dismissing a complaint without leave to

replead did not prevent entry of a judgment and was not appealable under ORS 19.010(2)(a)).

Pursuant to ORS 19.033(4), we determine that, at the time of the filing of the notice of appeal, the trial court intended to enter an appealable judgment but had not yet done so. We grant leave to the trial court to enter an appealable judgment. If the trial court enters an amended judgment and plaintiffs wish to go forward with the appeal, plaintiffs shall file an amended notice of appeal. The appeal will be held in abeyance pending the filing of the amended notice of appeal; but the court will dismiss this appeal, without further notice to the parties, for lack of prosecution if the amended notice of appeal is not filed within the time allowed under ORS 19.026.

Reconsideration allowed; order dismissing appeal withdrawn; motion to dismiss appeal denied; leave granted, pursuant to ORS 19.033(4), for entry of an appealable judgment.