Argued and submitted March 31, reversed and remanded in part; otherwise affirmed
June 28, 1995

Joseph TANNER,
*Respondent,*

*v.*

Kristine GRISSOM,
*Appellant.*

(D941985CV; CA A85669)

898 P2d 797

John Picarazzi argued the cause for appellant. With him on the brief was Oregon Legal Services.

Matthew H. Kehoe argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

In this residential FED proceeding, defendant tenant appeals the denial of her motion for attorney fees under ORS 90.255. We reverse and remand.

Plaintiff filed an FED action against defendant in district court seeking possession of rental property that defendant occupied. ORS 105.105 *et seq*. Defendant filed an answer, which included the affirmative defense that plaintiff's notice to vacate was defective. ORS 90.910; ORS 90.400; 24 CFR § 882.511 (1994).[1] Before trial, plaintiff filed a notice of dismissal to which defendant stipulated pursuant to ORCP 54.[2] Defendant did not waive her right to seek attorney fees. She moved for an award of fees, and plaintiff objected. The court found that defendant was the prevailing party, but denied an award of fees.

■　　Defendant assigns that denial as error. We review for abuse of discretion. *Gillespie v. Kononen*, 106 Or App 657, 660, 809 P2d 1351 (1991). ORS 90.255 provides:

> "In any action on a rental agreement or arising under ORS 90.100 to 90.940, reasonable attorney fees at trial and on appeal *may* be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered." (Emphasis supplied.)

Defendant argues that a court's discretion to award attorney fees under ORS 90.255 is circumscribed by the requirement that attorney fees shall be awarded absent "unusual circumstances," ORS 90.255; *Whittle v. Marion County District Court*, 108 Or App 463, 466, 816 P2d 658 (1991), and that there were no unusual circumstances in this case to support the denial of attorney fees. Plaintiff argues that ORS 90.255 provides that a trial court "may" award

---

[1] The unit was federally subsidized.

[2] ORCP 54 A(1) provides, in part:

"[A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal with the court and serving such notice on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded, or (b) by filing a stipulation of dismissal signed by all adverse parties who have appeared in the action. * * * Upon notice of dismissal or stipulation under this subsection, the court shall enter a judgment of dismissal."

attorney fees and that, to read the statute as requiring an award of fees to the prevailing party *in all cases*, would mean that the discretion of the trial court is a fiction.

■  The Supreme Court has held that, although ORS 90.255[3] provides that the award of attorney fees is discretionary, a prevailing party shall typically recover attorney fees, absent unusual circumstances. *Executive Mgt. Corp. v. Juckett*, 274 Or 515, 519, 547 P2d 603 (1976). Requiring the presence of unusual circumstances is not the equivalent of requiring an award in all cases. Here, the court found that defendant was the prevailing party. The issue, therefore, is whether there were unusual circumstances to support the court's decision to deny defendant attorney fees.

■  We have held that an unusual circumstance includes an inconclusive result in an FED proceeding. For example, the results were inconclusive where the landlord had won possession of the premises but the tenant was awarded damages on a counterclaim. *Marquam Investment Corp. v. Myers*, 35 Or App 23, 581 P2d 545 (1978); *see also Amatisto v. Paz*, 82 Or App 341, 728 P2d 42 (1986) (outcome inconclusive when landlord prevailed on tenant's counterclaims, but tenant prevailed on possession). In this case, there was no inconclusive result. *Cedar Lodge Ltd. v. Elliot*, 115 Or App 688, 691, 839 P2d 757 (1992).

The court denied attorney fees because the case was brief, simple and resolved before trial.[4] In *Gillespie*, the plaintiff landlords voluntarily moved to dismiss the action before trial, and we held that the court's denial of reasonable attorney fees was an abuse of discretion. 106 Or App at 660. Similarly, there was no trial in this case, and defendant prevailed. No unusual circumstances support the court's denial of attorney fees.

---

[3] At the time of the Supreme Court's decision, ORS 90.255 was numbered as ORS 91.755.

[4] The court found:

"In the court's discretion based on the fact that this matter did not proceed to trial and it appeared to be a defective notice case, there being no substantial substantive legal issues to be addressed, the court does not award attorney's fees."

Plaintiff argues that *Gillespie* is inapposite because the issue there was whether the defendant was entitled to attorney fees where the court entered an order of dismissal rather than a judgment of dismissal. That distinction is immaterial. In *Gillespie*, before deciding whether the effect of the order was equivalent to that of a judgment, we expressly said that, if the court had entered a judgment, "it is clear that defendant would be entitled to reasonable attorney fees." 106 Or App at 660.

Because the court denied defendant's entitlement to attorney fees, it did not consider plaintiff's objections pertaining to the reasonableness of those fees. Accordingly, we remand for it to do so.

Denial of attorney fees reversed and remanded; otherwise affirmed.