Submitted on brief and record December 15, 1995, reversed and remanded in part; otherwise affirmed February 21, 1996

Jeff and Linda KENDALL,
*Respondents,*

*v.*

Dan DAGGETT,
*Appellant.*

(671; CA A89425)

911 P2d 971

Denise Harrington filed the brief for appellant.

Linda Kendall waived appearance *pro se.*

No appearance by respondent Jeff Kendall.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

In this residential FED proceeding, defendant tenant appeals the denial of his motion for attorney fees under ORS 90.255. We reverse and remand.

Plaintiffs filed an FED action against defendant in district court seeking possession of rental property that defendant occupied. ORS 105.105 *et seq.* Defendant filed an answer, which included the affirmative defense that plaintiff's notice to terminate was defective. ORS 90.400(1)(a); 24 CFR § 882.511 (1995).[1] Before trial, defendant filed a motion under ORCP 21 A(5)[2] to dismiss the complaint on the ground that it did not comply with the notice requirements of ORS 90.400(1)(a).[3] Specifically, defendant argued that plaintiffs' notice failed to provide defendant with a 14-day opportunity to cure any breach of the rental agreement.[4] Defendant also sought costs and attorney fees. The court found that defendant was the prevailing party but denied an award of attorney fees.

---

[1] The unit was federally subsidized and therefore plaintiffs' notice to terminate had to comply with the provisions of 24 CFR § 882.511. In this case, the relevant state law, ORS 90.410(1)(a), satisfied the requirements of 24 CFR § 882.511 and specified additional conditions for plaintiffs' notice.

[2] ORCP 21 A(5) provides, in part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (5) insufficiency of summons or process or insufficiency of service of summons or process * * *."

[3] ORS 90.400(1)(a) provides, in part:

"[I]f there is a material noncompliance by the tenant with the rental agreement * * * the landlord may deliver a written notice to the tenant terminating the tenancy for cause as provided in this subsection. The notice shall specify the acts and omissions constituting the breach and shall state that the rental agreement will terminate upon a date not less than 30 days after delivery of the notice. If the breach is remedial by repairs, payment of damages, payment of late charge, change in conduct or otherwise, the notice shall also state that the tenant can avoid termination by remedying the breach within 14 days."

[4] It is not clear that the termination notice "specif[ies] the acts or omissions constituting the breach" as required under ORS 90.400(1)(a); the termination notice simply provides, in part:

"Tenant is responsible for any damage done to property and trailer; Frozen pipes."

■ ■    Defendant assigns the denial of attorney fees as error. We review for abuse of discretion. *Tanner v. Grissom*, 135 Or App 309, 311, 898 P2d 797 (1995). ORS 90.255 provides:

> "In any action on a rental agreement or arising under [ORS 90.100 to 90.940], reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

Defendant argues that in the absence of unusual circumstances a trial court must award attorney fees under ORS 90.255 to the prevailing party, *Executive Mgt. Corp. v. Juckett*, 274 Or 515, 519, 547 P2d 603 (1976), and that there were no unusual circumstances in this case to support the denial of attorney fees. Plaintiffs waived appearance on appeal.

The Supreme Court has held that, although ORS 90.255 provides that the award of attorney fees is discretionary, a prevailing party shall typically recover attorney fees, in the absence of unusual circumstances. *Executive Mgt. Corp.*, 274 Or at 519. Here, the court found that defendant was the prevailing party. The issue, therefore, is whether there were unusual circumstances to support the court's decision to deny defendant attorney fees.

We have held that an inconclusive outcome in an FED proceeding, where one party is awarded possession and the other party prevails on a counterclaim for damages, constitutes an unusual circumstance. *See Tanner*, 135 Or App at 312. In this case, there was no inconclusive outcome.

The court denied attorney fees on the ground that defendant was represented by a legal aid attorney who purportedly spent an excessive amount of time on the case and that the local filing fee assessments in Wallowa and Union counties made approximately $13,000 available to Legal Aid. Those grounds do not constitute unusual circumstances, and, therefore, do not support the denial of any fees whatsoever. *West v. French*, 51 Or App 143, 153, 625 P2d 144 (1981).

The trial court did find that the case could reasonably have required some attorney work. Under the circumstances, the court should have awarded defendant reasonable attorney fees.

Denial of attorney fees reversed and remanded; otherwise affirmed.