Argued and submitted May 7, affirmed December 15, 2021

Randy ERICKSON
and Keri Erickson,
*Plaintiffs-Respondents,*

*v.*

R&R RANCHES, LLC,
*Defendant-Appellant.*

Crook County Circuit Court
16CV21611; A171744 (Control)

Randy ERICKSON
and Keri Erickson,
*Plaintiffs-Appellants,*

*v.*

R&R RANCHES, LLC,
*Defendant-Respondent.*

Crook County Circuit Court
16CV21611; A167399

503 P3d 1261

Plaintiffs, former residential tenants of defendant R&R Ranches, LLC, appeal a limited judgment dismissing their declaratory judgment claim and their claim under ORS 90.300 for return of a security deposit on the residential property. Plaintiffs also appeal a second limited judgment awarding R&R attorney fees under ORS 90.255 for prevailing on plaintiffs' statutory claim. R&R brought a counterclaim for breach of a stipulated judgment entered in a forcible entry and detainer (FED) proceeding, which the trial court rejected. R&R appeals the general judgment dismissing its counterclaim, challenging only the award of attorney fees to plaintiffs. *Held*: On plaintiffs' appeal, the Court of Appeals affirmed both limited judgments without discussion. The court wrote to explain its rejection of R&R's appeal from the general judgment. ORS 90.255 authorizes an award of attorney fees to the prevailing party in any action "arising under" ORS chapter 90. The court concluded that R&R's counterclaim for breach of a stipulated judgment entered in an FED proceeding arose under ORS chapter 90, because the stipulated judgment came into existence as a result of R&R's FED proceeding, which originated from a residential lease subject to ORS chapter 90. The trial court therefore did not err in awarding attorney fees to plaintiffs under ORS 90.255 for prevailing on R&R's counterclaim.

Affirmed.

Daina A. Vitolins, Judge. (General Judgment)

Daniel Joseph Ahern, Judge. (Limited Judgment)

Jenny Rae Foreman argued the cause and filed the briefs for appellants and respondents Randy Erickson and Keri Erickson.

Michael W. Peterkin argued the cause for appellant and respondent R&R Ranches, LLC. Also on the briefs was Peterkin Burgess.

Before Armstrong, Presiding Judge, and Aoyagi, Judge, and Sercombe, Senior Judge.

ARMSTRONG, P. J.

Affirmed.

**ARMSTRONG, P. J.**

Plaintiffs, who are former residential tenants of defendant R&R Ranches, LLC, appeal a limited judgment dismissing their declaratory judgment claim and their claim under ORS 90.300 for return of a security deposit on the residential property. Plaintiffs also appeal a second limited judgment awarding R&R attorney fees under ORS 90.255 for prevailing on plaintiffs' statutory claim. We affirm both limited judgments without further discussion.

R&R brought a counterclaim against plaintiffs that the trial court rejected. R&R appeals the general judgment dismissing its counterclaim, challenging only the award of attorney fees to plaintiffs. We write to address R&R's challenge to the award of attorney fees, conclude that the trial court did not err, and affirm the award.

In April 2014, R&R rented residential property to plaintiffs under a lease agreement. An issue arose concerning a security deposit required by the lease. R&R asserted that plaintiffs never paid the deposit. Plaintiffs asserted that they gave cash for the deposit to R&R's agent, Brown, but that Brown had failed to deliver the money to R&R.

R&R sought to evict plaintiffs through an FED proceeding filed *pro se* in October 2015. Through court-sponsored mediation in November 2015, the parties entered into a stipulated judgment, purportedly under ORS 105.145,[1]

---

[1] ORS 105.145 provides, in part:

"(2) If, as a result of a court-sponsored or other mediation or otherwise, the plaintiff and defendant agree, in the manner provided by ORCP 67 F for judgment by stipulation, that the defendant shall perform in a certain manner or that the plaintiff shall be paid moneys agreed to be owing by the defendant and that as a result of that performance or payment the defendant shall retain possession of the premises, including retention of possession contingent upon that performance or payment of moneys by the defendant by a certain date, the court shall enter an order or judgment to that effect. In addition, if the plaintiff and defendant agree that the plaintiff shall perform in a certain manner or pay moneys to the defendant by a certain date, the court shall enter an order or judgment to that effect.

"(3) If, as provided by subsection (2) of this section, the parties enter an order or judgment by stipulation that requires the defendant to perform in a certain manner or make a payment by a certain date and the defendant later demonstrates compliance with the stipulation, the court shall enter a judgment of dismissal in favor of the defendant."

on a form entitled "stipulated agreement" and approved by the court. The stipulated judgment required plaintiffs to vacate the property, to pay a specific amount for court costs and back rent, and to "participate vigorously on an as-needed basis" in collection efforts to recover the security deposit from Brown through civil or criminal proceedings. The court did not check a box on the form reserving the parties' possible claims under the rental agreement. The form provided, however, that,

> "if [plaintiffs do] not comply with the terms of this STIPULATED AGREEMENT, [R&R] may file an affidavit of noncompliance under ORS 105.146(4). The court may then issue a judgment for immediate restitution of premises, costs, disbursements, and prevailing party or attorney fees and any amounts agreed upon in this agreement."

The paragraph purports to refer to the procedure described in ORS 105.146(4). The stipulated judgment thus did not dismiss the FED action but stayed it, for up to 12 months, *see* ORS 105.146(3) (providing that 12 months following the entry of the order, the court shall "automatically dismiss" the FED action without further notice to either party),[2] pending

---

[2] ORS 105.146 provides, in part:

"(2) A plaintiff may obtain and enforce a judgment of restitution based upon an order entered as provided under ORS 105.145(2), provided the order includes only:

"(a) Future performance or conduct as described in the order for a period of not more than six months following entry of the order;

"(b) Payment of past due rent and other past due amounts pursuant to a schedule provided in the order for a period of not more than six months following entry of the order;

"(c) Payment of rent due for future rental periods that follow entry of the order pursuant to a schedule provided in the order for not more than the first three monthly rental periods following entry of the order; and

"(d) Payment of any costs, disbursements or attorney fees pursuant to a schedule provided in the order.

"(3) The order shall contain a statement providing that 12 months following the entry of the order, the court shall automatically dismiss the order without further notice to either the plaintiff or the defendant.

"(4) If the defendant fails to comply with the order, the plaintiff may file with the clerk of the court an affidavit or declaration of noncompliance describing how the defendant has failed to comply. The plaintiff shall attach a copy of the order to the affidavit or declaration. The affidavit or declaration, or the order, must include the terms of the underlying settlement agreement or stipulation or have a copy of the agreement attached.

plaintiffs' compliance with the agreement. The stipulated judgment was, essentially, a component of the FED proceeding. Plaintiffs vacated the premises and made the required payment.

Subsequently, in April 2016, without serving plaintiffs, R&R filed an "affidavit of noncompliance," asserting that plaintiffs were not in compliance with the stipulated judgment's requirement that they pursue recovery of the security deposit from Brown. R&R also filed a motion for judgment of default in the FED proceeding, seeking judgment and a monetary award. The court entered the judgment, including the monetary award.

On November 14, 2016, R&R filed a motion to vacate the FED judgment, which the court granted. The court then entered a new judgment dismissing the FED action, determining that "the case is now settled."

Plaintiffs brought this action in July 2017, seeking a declaration that the default general judgment in the FED proceeding was void *ab initio* and a return of the disputed security deposit under ORS 90.300. R&R filed an answer, asserting that plaintiffs' declaratory judgment claim was moot in light of the trial court's previous vacation of the general judgment in the FED proceeding, and that plaintiffs' statutory claim for return of the deposit was barred by the

---

"(5) Upon receipt of a plaintiff's affidavit or declaration:

"(a) The court shall enter a judgment of restitution; and

"(b) The clerk shall issue a notice of restitution as provided by ORS 105.151 and attach to the notice a copy of the plaintiff's affidavit or declaration of noncompliance and any attachments for service.

"(6) The court shall establish a procedure that allows the defendant to request a hearing on the plaintiff's affidavit or declaration of noncompliance and delay expiration of the notice of restitution period or execution upon a judgment of restitution pending the hearing.

"(7) The court shall enter a judgment dismissing the plaintiff's action in favor of the defendant without assessment of costs, disbursements, prevailing party fee or attorney fees against either party except as provided in the order and without further notice to either party:

"(a) Upon receipt of a writing signed by the plaintiff showing compliance with or satisfaction of the order; or

"(b) Twelve months following entry of the order, unless the plaintiff has filed an affidavit or declaration of noncompliance and the court has found in favor of the plaintiff on the affidavit or declaration."

parties' stipulated judgment in the FED proceeding. In a counterclaim, R&R asserted that plaintiffs had breached their obligation under the stipulated judgment to pursue recovery of funds from Brown.

The trial court rejected plaintiffs' claims and also rejected R&R's counterclaim. The court awarded attorney fees to R&R on plaintiffs' claims and to plaintiffs on R&R's counterclaim.

On appeal, R&R contends that there was no authority for the award of attorney fees to plaintiffs on its counterclaim. A party is not entitled to an award of attorney fees unless a statutory or contractual provision specifically authorizes the award. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). The trial court believed that fees were authorized under ORS 90.255, which provides:

> "In any action on a rental agreement *or arising under this chapter*, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

(Emphasis added.) The trial court reasoned that, although R&R's breach-of-contract counterclaim was not on the lease agreement, it did "arise under" ORS chapter 90, because the stipulated judgment arose out of R&R's FED action. Thus, the trial court awarded fees to plaintiffs under ORS 90.255 for prevailing on R&R's counterclaim.

The trial court was correct. ORS 90.255 includes the broad statement that attorney fees are authorized in any action "arising under" ORS chapter 90. A claim "arises under ORS chapter 90" when it originates under one of the sections of that chapter, *see, e.g.*, *Barbara Parmenter Living Trust v. Lemon*, 345 Or 334, 341 n 4, 194 P3d 796 (2008) (claims under ORS 90.322 (unlawful entry of premises); ORS 90.375 (unlawful ouster); and ORS 90.425 (unlawful disposition of personal property)); or when it has a connection to a dispute under a residential lease or rental agreement subject to ORS chapter 90. *See Whittle v. Marion County Dist. Court*, 108 Or App 463, 816 P2d 658 (1991) (attorney fees

available under ORS 90.255 in writ of review proceeding seeking to recover possession of residential rental premises). R&R's counterclaim for breach of contract was not brought under a section of ORS chapter 90. But it did have its origin in the FED proceeding: R&R contended that plaintiffs had breached a component of the stipulated judgment, which came into existence in the context of the FED proceeding.

Attorney fees are available under ORS 90.255 in an FED proceeding originating out of a residential lease. *Kendall v. Daggett*, 139 Or App 170, 911 P2d 971 (1996). Because the stipulated judgment in this case came into existence as a result of R&R's FED proceeding originating out of a residential lease subject to ORS chapter 90, we conclude that the trial court was correct in determining that plaintiffs were entitled to their attorney fees for prevailing on R&R's counterclaim for breach of the stipulated judgment.

In view of our conclusion that the trial court did not err in awarding fees under ORS 90.255, we need not consider whether the trial court erred in concluding that attorney fees were also available under the parties' lease agreement.

Affirmed.